*E-FILED: August 2, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRIME MEDIA GROUP LLC,<br><br>  Plaintiff,<br> v.<br>ACER AMERICA CORPORATION,<br><br>  Defendant.<br>———————————————————/<br>ACER AMERICA CORPORATION,<br><br>  Counterclaimant,<br> v.<br>PRIME MEDIA GROUP LLC; CIRCLE LINE MARKETING AND COMMUNICATION S.R.L.; BREAKOUT S.R.L. and KEECHWOOD LIMITED,<br><br>  Counterdefendants.<br>———————————————————/ | No. C12-05020 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Docket No. 53] |

  Plaintiff Prime Media Group LLC (Prime Media) sues for alleged breach of contract, claiming that defendant Acer America Corporation (Acer America) owes money for advertising services. Acer America filed counterclaims against Prime Media and several other entities, alleging that the invoices for payment were falsely inflated.

  When it originally was filed, Discovery Dispute Joint Report (DDJR) No. 1 concerned the depositions of five Italian witnesses that the parties agreed in March 2013 would occur

between June 10-21, 2013. Twelve days before the first scheduled deposition, Prime Media said its witnesses would not appear for deposition on the agreed-upon dates. It offered to produce its witnesses in August and September instead, saying that it would ask for an extension of the then-set September 30, 2013 fact discovery cutoff to accommodate the later deposition dates. Acer America insisted that the depositions should proceed on the June dates, as previously agreed, and refused to stipulate to extend the fact discovery cutoff. Acer America's counsel said that they were unavailable in August and September anyway because of pre-existing scheduling conflicts.

Subsequent events rendered moot certain aspects of DDJR No. 1. Judge Davila granted Prime Media's request to extend the fact discovery cutoff and other case deadlines. Additionally, the parties advised that they resolved their dispute as to two of the witnesses in question. So, DDJR No. 1 now concerns only 3 witnesses: (1) Giuditta Soldadino, (2) Geraldina Soldadino, and (3) Marilena Martelli. It is not clear exactly who these individuals are, but they are described by Acer America as "key witnesses." The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court rules as follows:

Prime Media having previously offered to produce its witnesses for deposition in August and September, it shall do so (or, on the earliest alternate date(s) available to Acer America's counsel or agreed upon by the parties). To the extent Prime Media seeks to postpone the depositions of its witnesses until the conclusion of an Italian criminal proceeding (whenever that might be),[1] on the record presented, this court declines to do so. There is scant information by which this court can meaningfully assess whether the Italian criminal proceeding overlaps with the counterclaims asserted by Acer America here. And, what little data is available is based almost entirely on Prime Media's information and belief. Although it appears that the criminal investigation might involve other Acer affiliates or entities and allegations of overpriced invoices, Acer America says that it had nothing to do with those proceedings and has

---

[1] Prime Media said that it expected the criminal investigation to be completed in July 2013. There is no indication whether the investigation was, in fact, concluded last month or whether there has been any decision to file charges.

2

had no involvement in the investigation. Additionally, this court is told that the investigation has been pending for over a year and that Prime Media was well aware of that matter when it first agreed to produce its witnesses for deposition. Even so, this court cannot preclude Prime Media's witnesses from invoking whatever rights they might have under Italian law with respect to their testimony. This court is in no position to determine whether the assertion of any such rights would be appropriate. But, the ruling here is without prejudice to the deponents to do so, if necessary and appropriate.

Prime Media's other arguments for postponing the subject depositions are unconvincing.

SO ORDERED.

Dated: August 2, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-05020-EJD Notice has been electronically mailed to:

Charles R Bernardini    crbernardini@uhlaw.com

Christine Melissa Louie    clouie@orrick.com

Erik Paul Khoobyarian    epk@hopkinscarley.com, pvoight@hopkinscarley.com

James Elliott Thompson    jthompson@orrick.com, gjohnson@orrick.com, mohara@orrick.com

Jeffrey E. Essner    jessner@hopkinscarley.com, kday@hopkinscarley.com

Kevin P. Shea    kpshea@uhlaw.com

Richard Henry Tilghman , IV    rhtilghman@uhlaw.com

Robert Scott Shwarts    rshwarts@orrick.com, mswirky@orrick.com

4