UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME MEDIA GROUP LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ACER AMERICA CORPORATION,<br><br>          Defendant. | Case No.  5:12-cv-05020 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 3**<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**<br><br>[Re:  Dkt. Nos. 88, 90] |
| ACER AMERICA CORPORATION,<br><br>          Counterclaimant,<br><br>     v.<br><br>PRIME MEDIA GROUP LLC; CIRCLE LINE MARKETING AND COMMUNICATION S.R.L.; BREAKOUT S.R.L. and KEECHWOOD LIMITED,<br><br>          Counterdefendants. | |

Plaintiff Prime Media Group LLC (Prime Media) sues for alleged breach of contract, claiming that defendant Acer America Corporation (Acer America) owes money for advertising services.  Acer America filed counterclaims against Prime Media and several other entities, alleging that the invoices were falsely inflated.

At issue in Discovery Dispute Joint Report (DDJR) No. 3 is whether Prime Media should be permitted to proceed with the deposition of Che-Min Tu, the former Chief Financial Officer of Acer, Inc. (Acer America's parent company) who is located in Italy.  An order is required because

fact discovery closed on March 31, 2014; Prime Media has exhausted the presumptive 10-deposition limit; and Acer America opposes the attempt to now depose Tu.  Fed. R. Civ. P. 16; 30(a)(2).  Prime Media also filed a motion with Judge Davila, who previously presided over this matter, requesting an extension of the fact discovery cutoff for the sole purpose of taking Tu's deposition.[1]  Judge Davila referred that motion to the undersigned for disposition in connection with the instant DDJR.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties' respective arguments, this court grants the request to proceed with Tu's deposition, as well as the request to extend the fact discovery cutoff for the sole purpose of completing his deposition.

Prime Media must make a particularized showing as to why Tu's deposition is necessary, i.e., that the testimony "is essential to its discovery, and is not merely a replication of discovery that could be best accomplished with the number of deponents . . . previously allocated."  Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999); see also Authentec, Inc. v. Atrua Technologies, Inc., No. C08-1423PJH, 2008 WL 5120767 * 1 (N.D. Cal., Dec. 4, 2008).  Additionally, good cause and the court's consent are required for modification of a case schedule.  Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16's 'good cause' standard primarily considers the diligence of the party seeking the amendment.").  The court considers whether (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Relevance is undisputed here.  The focus of the instant dispute is whether Prime Media

---

[1] This case has been reassigned to Judge Freeman.  The previously set discovery cutoff dates and other deadlines, however, remain in effect.  See http://cand.uscourts.gov/orders/blf-order.pdf.

failed to exercise reasonable diligence in seeking Tu's deposition and whether his testimony is duplicative. Tu's deposition previously was set for September 27, 2013. The record indicates that although both sides noticed his examination, neither Prime Media nor Acer America pursued the deposition pursuant to the Hague Convention. So, Tu's appearance depends entirely on his willingness to show up.

According to Prime Media, the September deposition fell through because Tu was, at that time, named in an ongoing Italian criminal investigation. Prime Media says that Tu is a third party over whom it has no control and that his personally retained attorney is the one who pulled the plug on the examination last fall. By all accounts, the Italian criminal investigation was concluded earlier this year[2] with the recommendation that no prosecution be pursued. Thus, Tu reportedly is now once again willing to appear for a deposition, and his examination was re-set to take place on March 27, 2013. But, Prime Media says that, due to his work schedule, he ended up being unavailable for deposition before the March 31, 2014 discovery cutoff. In Acer America's view, Prime Media's present inability to depose Tu without a court order is due entirely to what it says was Prime Media's poor discovery management, carelessness, and gamesmanship.

On the record presented, this court is not overwhelmed by either side's position and is, frankly, unsure whom it finds more (or less) credible. But, it will allow the requested deposition and extend fact discovery for that sole purpose for the following reasons:

- Acer America's claim about Prime Media's alleged misconduct strikes this court as an exaggeration. It appears that Prime Media said it intended to call Tu to testify at trial and that Prime Media's counsel may have coordinated with Tu's counsel to schedule his deposition. But, without more, this court finds no basis to conclude that Prime Media lied about having any control over him.

- Tu is not the only witness who declined to give any testimony during the pendency

---

[2] Acer America claims that Tu told Acer, Inc. on February 7, 2014 that the criminal investigation ended. Prime Media says that it was not informed that the investigation had concluded until about a month later on March 10, 2014.

3

of the Italian criminal investigation; and, this court previously noted that it could not preclude them from invoking whatever rights they might have under Italian law.

- While Acer America faults Prime Media for failing to secure Tu's deposition through the Hague Convention, the record indicates that, for the better part of the past year, and until relatively recently, Acer America also wanted Tu's deposition, but didn't proceed pursuant to the Hague Convention either.

- For every subject of testimony Prime Media identifies, Acer America points out that counterdefendants have already obtained testimony on that same subject from other witnesses. Prime Media does not directly refute Acer America's assertions. However, Prime Media does say that Tu has firsthand knowledge of several pertinent issues in this case and that he directly authored and received many relevant documents and emails. Acer America does not deny that this litigation involves millions of dollars in claimed damages and has required a considerable amount of discovery from witnesses abroad.

Acer America requests that Prime Media be ordered to pay its costs incurred in taking Tu's deposition, pointing out that it has already incurred significant costs, having twice traveled to Italy for Tu's deposition, only to have the examination cancelled. This request is denied. As discussed above, this court finds the allegations about Prime Media's alleged misrepresentations to be overstated. Moreover, Prime Media says (and Acer America does not deny) that Acer America knew before it traveled to Milan in September that Tu would not appear, but made that trip anyway for the scheduled deposition of another witness.

Tu's deposition shall take place on a day and time available to the deponent and all counsel and which will not interfere with whatever dates have been set by Judge Freeman.

SO ORDERED.

Dated:   May 20, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-05020-BLF Notice has been electronically mailed to:

Charles R Bernardini     crbernardini@uhlaw.com

Christine Melissa Louie     clouie@orrick.com

Erik Paul Khoobyarian     epk@hopkinscarley.com, vspanos@hopkinscarley.com

James Elliott Thompson     jthompson@orrick.com, gjohnson@orrick.com, mohara@orrick.com

Jeffrey E. Essner     jessner@hopkinscarley.com, kday@hopkinscarley.com

Kevin P. Shea     kpshea@uhlaw.com

Richard Henry Tilghman , IV     rhtilghman@uhlaw.com

Robert Scott Shwarts     rshwarts@orrick.com, mswirky@orrick.com