UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRIME MEDIA GROUP, LLC,
          Plaintiff,

v.

ACER AMERICA CORPORATION,
          Defendant.

Case No. 12-cv-05020-BLF

**ORDER GRANTING ACER AMERICA'S MOTION FOR SUMMARY JUDGMENT ON PRIME MEDIA'S ACCOUNT STATED CLAIM**

[Re: ECF 102]

Acer America moves for partial summary judgment on Prime Media's account stated claim. For the reasons stated below, the motion is **GRANTED**.

I.  **UNDISPUTED FACTS**

The court understands the following facts to be undisputed:

From 2007 to 2011, Prime Media performed advertising and media buying services for Acer America, issuing periodic invoices to Acer America for those services. Wang Depo. at 41:17-42:6 (ECF 116-1); Zoppas Depo. at 19:3-4 (ECF 116-2); Pasquato Depo. at 16:15-25 (ECF 116-3); *id.* at 28:3-6. Importantly, both parties were aware that the invoices issued to Acer America reflected the projected costs of particular projects, not the final amount, which could not be determined until the costs were known. Morbello Depo. at 37:9-24 (ECF 116-4); *id.* at 50:12-51:17. Once the actual costs were determined, Prime Media would issue a credit to Acer America reflecting the difference between the projected cost and the actual cost. *Id.* at 37:18-24; *id.* at 50:5-51:17; *id.* at 118:12-120:2. For a while, Acer America paid these invoices, Lee Depo. at 25:2-28:22 (ECF 116-9); Klein Report at ¶ 14 (ECF 104-2), but in 2011 Acer America stopped paying the invoices, Wang Depo. at 91:21-92:24 (ECF 104-1); *id.* at 127:1-128:22.

Prime Media filed suit against Acer America for, *inter alia*, enforcement of an account stated. Complaint at ¶¶ 53-58 (ECF 1). After the close of discovery, Acer America brought this motion for summary judgment with respect to Prime Media's account stated claim only. (ECF 102). Because

there is no genuine dispute as to any material fact and Acer America is entitled to judgment as a matter of law, the motion must be granted.

## II. LEGAL STANDARD

### A. SUMMARY JUDGMENT

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court draws all reasonable inferences in favor of the party against whom summary judgment is sought. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (citing *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981)).

The moving party "bears the burden of showing there is no material factual dispute." *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010). In order to meet its burden, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

A material fact is one that could affect the outcome of suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the plaintiffs." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). The Court "determines whether the non-moving party's specific facts, coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party." *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008) (citing *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987)). If the Court finds

that a reasonable jury could find for the non-moving party, summary judgment is inappropriate. See *Anderson*, 477 U.S. at 248. Conclusory and speculative testimony, however, is insufficient to defeat summary judgment. See *Soremekum v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); see also *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

### B.  ACCOUNT STATED

"An account stated is an agreement, based on prior transactions between the parties, that the items of an account are true and that the balance struck is due and owing. To be an account stated, it must appear that at the time of the statement an indebtedness from one party to the other existed, that a balance was then struck and agreed to be the correct sum owing from the debtor to the creditor, and that the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing." *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 752-53 (Cal. Ct. App. 1987) (internal citations omitted).

While an account stated must be definite, it "need not cover all the dealings or claims between the parties." *Moon v. Rush*, No. 2:11-CV-03102-GEB, 2013 WL 4012828, at *10 (E.D. Cal. Aug. 6, 2013). "[T]here may be what is called an account stated as to a part of the financial relationship of parties without arriving at a balance as to all of their monetary dealings." *California Mill. Corp. v. White*, 229 Cal. App. 2d 469, 477 (1964). Thus, "certain items may be definitely fixed under an account stated while others are left open for adjudication or adjustment." *Moon v. Rush*, No. 2:11-CV-03102-GEB, 2013 WL 4012828, at *10. But with respect to those items definitely fixed under an account stated, "[t]he key element in every context is agreement on the final balance due." *Maggio v. Neal*, 196 Cal. App. 3d at 753.

### III.  DISCUSSION

Prime Media has alleged an account stated claim against Acer America in the amount of $7,610,230.47. *See* Complaint at ¶¶ 53-58 (ECF 1). Because the undisputed facts establish that the balance of $7,610,230.47 was never "struck and agreed to be the correct sum owing from the debtor to the creditor," *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 752-53 (Cal. Ct. App. 1987)

1  (internal citations omitted), Prime Media's account stated claim is deficient as a matter of law and
2  cannot proceed.
3     Acer America points to several different amounts that Prime Media has claimed it is owed, arguing that the changes in Prime Media's contentions defeat any account stated claim by Prime Media. For example, Acer America points to a letter from 2011 demanding payment in the sum of $7,966,006.79, (ECF 104-3 at *16), arguing that this shows even Prime Media has not been consistent in its determinations of how much it is owed. Acer America's Opening Brief at 4 (ECF 103). Acer America also points to Prime Media's statement in its February 8, 2013, initial disclosures that it would issue a credit of $983,227.02 to Acer Europe upon receipt of the $7,610,230.47 or would alternatively offset the sum owed to Prime Media by $983,227.02. *See* Shwarts Decl. Ex. 13 at 7, ECF 104-3 at 24. This argument, without more, fails because an account stated "need not cover all the dealings or claims between the parties." *Moon v. Rush*, No. 2:11-CV-03102-GEB, 2013 WL 4012828, at *10 (E.D. Cal. Aug. 6, 2013). The 2011 letter does not specify what dealings it is intended to cover. It may be that Prime Media's ultimate claim for an account stated encompasses fewer invoices than the 2011 letter. Similarly, if the offset promised to Acer America in Prime Media's initial disclosures reflected separate transactions or obligations between the parties, the admission that an offset is due from Prime Media to Acer America would not be different than the offset admitted in *Moon v. Rush*.

   In *Moon v. Rush*, Rush alleged that he was entitled to recover "$86,470.87 minus any credits to which Moon is entitled." *Id*. at *10. The court agreed with Rush that "the amount owed by Moon to Rush on the account stated for the 2003 through 2009 period ($86.470.87) is specifically and finally alleged, *covering Rush's portion of the property's rental income and expenses* from 2003 through 2009." *Id*. (emphasis added). Merely acknowledging that Moon might have a separate claim against Rush for a portion of Moon's rental expenses did not prevent Rush from alleging a definite amount that was owed to him for his expenses. The account stated did not have to cover every debt existing between the parties; it simply had to establish a definite amount with respect to the transactions it did cover.

However, the offset acknowledged by Prime Media is critically different from the one in *Moon v. Rush*; this critical difference is the reason Prime Media's account stated claim fails. The offset referred to by Prime Media isn't a settlement of a debt from separate transactions between the parties. It is an offset to reflect the difference between the amount invoiced and the amount actually determined to be due Prime Media. *See* Shwarts Decl. Ex. 13 at 7, ECF 104-3 at 24 ("[T]he amount of $983,227.02 represent[s] applicable discounts received from editors."). Prime Media's account stated claim fails upon Prime Media's acknowledgement that the amounts invoiced—the basis for its account stated claim—were not intended or understood by either party to reflect the final amount due. *See* Morbello Depo. at 50:12- 51:17; Pasquato Depo. at 152:2-153:20.

For an account stated claim, "[t]he key element in every context is agreement on the final balance due." *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 752-53 (Cal. Ct. App. 1987). Here, by Prime Media's own admissions, the invoices issued to Acer America represent the estimated cost of the advertisements, subject to later adjustment in the form of a credit. Unlike in *Moon v. Rush*, any credit that later becomes due to Acer America reflects, not separate transactions between the parties, but an adjustment reflecting the difference between the amount invoiced (an estimation) and the amount actually due. Calculating the credit due from Prime Media to Acer America is substantively equivalent to calculating the *final* amount due from Acer America to Prime Media. Agreement as to the final amount due only occurs once Acer America has agreed that no credit is due or that whatever credit has been paid or promised is correct. Until that time, the parties have only agreed to a tentative payment pending later resolution of the final amount due.

It is an undisputed fact that both parties "knew that Prime Media's invoices were not always reflective of the actual costs," but instead reflected "estimated" costs. Prime Media's Opposition Brief at 2 (ECF 114); *see also* Morbello Depo. at 37:9-24 (ECF 116-4); *id*. at 50:5-51:17; *id*. at 118:12-120:2. This undisputed fact defeats Prime Media's account stated claim as a matter of law, and therefore summary judgment must be granted in Acer America's favor.

1    IV.  ORDER

2    For the foregoing reasons, Acer America's Motion for Summary Judgment on Prime Media's

3    accounted stated claim is **GRANTED**.

4    Dated: December 16, 2014

                                                           BETH LABSON FREEMAN
                                                           United States District Judge