UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

PRIME MEDIA GROUP, LLC,
         Plaintiff,

v.

ACER AMERICA CORPORATION,
         Defendant.

Case No. 12-cv-05020-BLF

**ORDER DENYING BREAKOUT'S MOTION FOR SUMMARY JUDGMENT**

[Re: ECF 106]

Breakout moves for summary judgment on all claims against it by Acer America. For the reasons below, the motion is DENIED.

## I. BACKGROUND

Counter-defendant Breakout, along with several related companies, including Counter-defendant Circle Line and Plaintiff/Counter-defendant Prime Media, performed advertising and media-buying services for Acer America. In 2011, Acer America terminated this relationship, apparently believing that Counter-defendants had been over-charging Acer America for these services. Acer America also refused to pay multiple outstanding invoices for services already rendered by Counter-defendants. Prime Media filed suit against Acer America, seeking to collect on the outstanding invoices. Acer America filed a counter-claim against Prime Media and the other Counter-defendants, alleging claims for breach of contract, fraudulent deceit, and the need for an accounting, on the basis that it had overpaid Counter-defendants based on inflated invoices.

Breakout moves for summary judgment on the basis that it was simply a subcontractor of Prime Media and did not ever enter into any agreements directly with Acer America and that all invoices received by Acer America were Prime Media invoices. As discussed in detail below, the court concludes that there are genuine disputes of material fact relating to Acer America's claims against Breakout. Accordingly, summary judgment is inappropriate.

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). The court draws all reasonable inferences in favor of the party against whom summary judgment is sought. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (citing *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981)).

The moving party "bears the burden of showing there is no material factual dispute." *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010). In order to meet its burden, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

A material fact is one that could affect the outcome of suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the plaintiffs." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). The Court "determines whether the non-moving party's specific facts, coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party." *E.piphany, Inc. v. St. Paul Fire & Marine Ins. Co.*, 590 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008) (citing *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987)). If the Court finds that a reasonable jury could find for the non-moving party, summary judgment is inappropriate. See *Anderson*, 477 U.S. at 248. Conclusory and speculative testimony, however, is insufficient to defeat summary judgment. See *Soremekum v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.

2007); see also *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

## III. DISCUSSION

Acer America, in opposing Breakout's motion for summary judgment, presents two broad arguments. The first is that any lack of evidence is solely due to Breakout's misconduct during discovery in failing to produce any documents or substantive testimony and that Breakout should not now be allowed to benefit from its misconduct. The second is that, notwithstanding Breakout's discovery deficiencies, Acer America has sufficient evidence—either already available to it or obtained from the other counter-defendants—to survive Breakout's motion. As discussed below, the court rejects Acer America's first argument, but nonetheless agrees that Acer America has presented sufficient evidence to create triable issues of material facts.

### A. BREAKOUT'S ALLEGED MISCONDUCT

Acer America urges that, to the extent its evidentiary showing is deficient, Breakout improperly impeded Acer's efforts to obtain evidence through discovery. Acer points to Breakout's failure to produce any documents in response to Acer America's discovery requests and the refusal of Breakout's witness to answer any questions.[1] The court is sympathetic to Acer America's frustration, but the proper relief for such discovery-related deficiencies would have been an order to compel discovery while fact discovery was still open. Had such a court order been issued and ignored by Breakout, the court would be more disposed to consider such extraordinary relief as is requested by Acer America now. However, having failed to bring this dispute to the court while fact discovery was still open, Acer America has not presented sufficient grounds for sanctions that would, in effect, amount to summary adjudication in its favor.[2]

---

[1] Although Acer America contended throughout discovery that the witness's purported invocation of the right against self-incrimination was improper, Acer America did not seek a court order compelling the witness to respond or any other discovery sanctions as a result of the witness's refusal to provide testimony.

[2] Acer America purports to request simply that the court deny Breakout's motion. Opposition Brief at 5 (ECF 117). However, were Acer America to survive the motion for summary judgment while lacking sufficient evidence to prove the facts supporting its claims, it is not clear what Acer America could properly argue to a jury, nor what jury instructions could possibly be appropriate in the absence of sufficient evidence to support a finding of liability under the asserted claims. Moving forward to trial in the absence of evidence would require, as a practical matter, that the

3

### B. SUFFICIENCY OF ACER AMERICA'S EVIDENCE

Notwithstanding Acer America's failure to justify the drastic sanctions it requests, the court concludes that Acer America has presented evidence sufficient to raise a genuine dispute of material fact.

#### 1. BREACH OF CONTRACT

Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Breakout argues that Acer America cannot show a genuine dispute as to the material facts supporting elements (1) and (4): a contract between Acer America and Breakout, and damages resulting from breach of that contract. *See, e.g.*, Breakout's Opening Brief at 5 (ECF 106). The court disagrees. As discussed below, there are triable issues of fact regarding both elements.

##### (A) EXISTENCE OF A CONTRACT

In support of its motion, Breakout argues first that Acer America has conceded there was no contract between Acer America and Breakout. In support of this position, Breakout points to the deposition testimony of Acer America's 30(b)(6) corporate witness that "there was no contract or any oral agreement" between Acer America and Breakout. Wang Depo. at 115:1-7. Breakout also points to the statement in Acer America's counterclaim that "[a]t no time relevant hereto did Acer have a contractual relationship with Breakout, Prime Media[,] or Keechwood." Acer America's Answer & Counterclaims at 12, ¶ 17 (ECF 12). Acer America argues that, while there was no express written or oral agreement between Acer America and Breakout, there is a genuine dispute as to whether the conduct of the parties establishes an implied-in-fact contract between Acer America and Breakout.

---

facts necessary to survive summary judgment be treated by the court as established. Of course, to treat the facts supporting Acer America's claims as established would be, in effect, to grant summary adjudication on those issues in favor of Acer America.

4

The court notes that Acer America's corporate witness, Ms. Wang, was designated to testify on "[t]he terms and conditions of any agreements, *whether written or oral*, between Acer America . . . and Breakout . . . ." Wang Depo. at 111:25-4. She was not designated to opine on the legal conclusion to be drawn from the conduct of the parties, nor could she have properly opined on such a question, since it is the ultimate issue to be decided by the jury. To the extent Ms. Wang's testimony can be interpreted as evidence that the conduct of the parties did not establish an implied-in-fact contract, it is the province of the jury to determine the weight to accord such evidence. The testimony does not establish the non-existence of a contract as a matter of law. Paragraph 17 of Acer America's counterclaim is similarly unhelpful to Breakout, as it refers to the period of time during which Acer America employed Pleasing for its advertising and media-buying services, before the conduct of the parties allegedly transferred the agreement to Circle Line.

In support of its argument that there is a genuine dispute as to whether the course of dealings between Breakout and Acer America establishes the existence of a contract implied in fact, Acer America points to evidence that Breakout was part of Circle Line and was created for the purpose of performing advertising services for Acer with respect to Gateway and Packard Bell branded products, *see* Phipps Depo. at 65:12-24 (ECF 117-3 at *72), and that Breakout was Acer America's primary contact for advertising relating to Gateway and Packard Bell branded products, *see* Thompson Decl. Exs. 29-35 (emails between Acer America and Breakout) (ECF 117-3 at *1-35). Acer America also points to advertising-related emails from Breakout to Acer America in which the email signature identifies the sender as working for Breakout, but with a work email address ending with "@circle-line.eu." *See, e.g.*, Thompson Decl. Exs. 10, 11 (ECF 117-3 at *90-97). Acer America additionally points to a letter written by Giuditta Soldadino in which she refers to Circle Line as a continuation of Pleasing, with whom an express contract did exist. *See* Thompson Decl. Ex. 39 (ECF 117-5 at *61) ("[S]ince 1998 Circle Line (before called Pleasing Advertising) – directly or through other entities related to it, including Prime Media Group, Breakout[,] and Keechwood – has rendered services to Acer Inc. and its subsidiaries . . . ."). Finally, Acer America points to evidence that neither party understood what distinction existed, if any, between Circle Line and

Breakout. *See, e.g.*, Zoppas Depo. at 32:8-10 (ECF 117-3 at *81); Fromont Depo. at 30:22-24 (ECF 117-5 at *71).

A reasonable jury could conclude from this evidence that there was a contract between Breakout and Acer America. Accordingly, the court concludes that there is a genuine dispute as to the existence of a contract between Breakout and Acer America.

### (b) Damages

Breakout further argues that "Breakout submitted no invoices to Acer America" and that "Acer America paid no money to Breakout." Breakout's Opening Brief at 5 (ECF 106). Acer America counters with evidence of at least one invoice submitted in Breakout's name in the amount of $722,160 that Acer paid. Thompson Decl. Exs. 19-20 (ECF 117-3), 42 (ECF 117-5). Acer further submits expert testimony to establish that the amount charged exceeded the contractual amount of cost plus 2% commission. Klein Depo. at 73:1-7, 117:24-118:22 (ECF 117-5 at *130-32); Gonzalez Depo. at 294:18-20, 301:6-302:5, 325:24-326:21, 329:18-22 (ECF 117-5 at *51-56); Klein Report at 8 (ECF 117-5 at *143). Based on this evidence, a reasonable jury could conclude that Acer America was damaged by Breakout's breach of contract. Accordingly, the court finds there to be a genuine dispute of material facts.

### 2. Fraudulent Deceit

Under California law, the elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003). Breakout argues that Acer America cannot show a genuine dispute as to the material facts supporting elements (a), (d), and (e): a false representation by Breakout, Acer America's justifiable reliance on that representation, and resulting damages. *See, e.g.*, Breakout's Opening Brief at 6 (ECF 106).

### (a) False Representation

Breakout argues that, because it never sent an invoice directly to Acer America, there is no evidence that Breakout made a false representation to Acer America. This argument apparently

6

relies on the fact that Breakout submitted its invoices to Prime Media, who then either forwarded these invoices to Acer America or incorporated the invoices into its own invoices, which it then sent to Acer America. Breakout relies on case law stating that a "plaintiff may not generally maintain an action for fraud unless plaintiff was the person to whom the alleged misrepresentations were directed." *Maddux v. Philadelphia Life Ins.*, 77 F. Supp. 2d 1123, 131-32 (S.D. Cal. 1999). While this appears to be a correct statement of law in the abstract, it fails to address the question at issue here: whether the alleged misrepresentation must be made directly or can be made indirectly through another party. Acer America points to a decision by the California Supreme Court addressing this specific question:

> In order for representations to be actionable, it is not necessary in all cases that they be directly made to the parties seeking recovery. A representation made to one person with the intention that it shall reach the ears of another, and be acted upon by him, and which does reach him, and is acted upon by him to his injury, gives the person so acting upon it the same right to relief or redress as if it had been made to him directly. In the instant case we may say that the representations were reasonably intended to be relied upon by [plaintiffs]; and when, as appears here, those persons . . . actually did . . . receive and rely upon the representations, there can be no valid objection to recovery . . . .
> 
> *Crystal Pier Amusement Co. v. Cannan*, 219 Cal. 184, 188 (1933) (internal quotations omitted).

Breakout's only response to this is to characterize it as a "new theory of liability" and object that it cannot be raised this late in the case. Breakout's Reply Brief at 6 (ECF 119). The court is unable to accept Breakout's characterization that Acer America is presenting an entirely new theory of liability. Acer America's theory was, and is, that Breakout made misrepresentations to Acer America. The case law cited by Acer America establishes that such a claim will not be defeated by a showing that the representation was made through a third party rather than directly to Acer America. This does not present a fundamentally different theory of liability; it merely shows that under California law, claims for fraudulent deceit are broader than Breakout's citation suggests. Thus, even assuming it is undisputed that Breakout never issued an invoice directly to Acer America, Breakout has failed to meet its initial burden of showing how this would establish a lack of genuine dispute as to any material fact.

### (b) Justifiable Reliance

Breakout argues that "there is no evidence that Acer America received, reviewed, or relied on any invoice issued by Breakout." Breakout's Opening Brief at 7 (ECF 106). In response, Acer America argues that it paid at least one invoice issued by Breakout. In support of this argument, Acer America points to its records of invoices received and payments made. *See, e.g.*, Thompson Decl. Ex. 19 (record of Breakout invoice for $722,160); *id.* Ex. 42 at *77 (record of payment by Acer America of $722,160). Breakout does not address this evidence in its reply brief, apparently conceding that a reasonable jury might conclude that Acer America was relying on Breakout's $722,160 invoice when it issued payment in the amount of $722,160. Accordingly, the court finds a genuine dispute as to this fact.

### (c) Resulting Damages

Breakout makes the same damages argument with respect to Acer America's fraudulent deceit claim as with Acer America's breach of contract claim. As explained in section III.B.1(b) above, a reasonable jury could conclude that Acer America overpaid as a result of Breakout's invoices. This same genuine dispute of fact is material to damages under Acer America's fraudulent deceit claim. Accordingly, summary judgment is inappropriate.

### 3. Accounting

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). Breakout argues that this claim fails as a matter of law because "(a) Acer America's other substantive claims fail and (b) the record is devoid of facts establishing a relationship between Breakout and Acer America." Breakout's Reply Brief at 8-9 (ECF 119). These two contentions are discussed in turn.

### (a) Acer America's Other Substantive Claims

Breakout argues that "under California law an accounting claim is derivative and must be based on other claims." Breakout's Reply Brief at 8 (ECF 119). Because Acer America's independent substantive claims survive summary judgment, this ground for summary judgment is

moot and the court need not address whether Acer America's claim for an accounting could survive on its own.

(B) ABSENCE OF A RELATIONSHIP BETWEEN BREAKOUT AND ACER AMERICA

Breakout argues that Acer America has "failed to demonstrate a relationship between itself and Breakout or that Breakout owes a balance to Acer America." Breakout's Reply Brief at 8 (ECF 106). However, as discussed above, the court finds that a genuine dispute exists as to whether or not a contract existed between Acer America and Breakout and as to whether Acer America was fraudulently deceived by Breakout. If Acer America were to prevail on either its breach of contract claim or fraudulent deceit claim, then an accounting could be justified by a showing of its necessity "to determine how much money, if any, is due." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180 (2009).

It is true that "[a]n action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Id.* at 179. However, Breakout does not contend that the sum Acer America seeks is certain. Breakout's only argument is that it is not liable to Acer America at all. Because the court found there to be a genuine dispute of material fact as to Breakout's liability, and because Breakout does not deny a genuine dispute of material fact as to whether an accounting would be necessary should Breakout be found liable, the court concludes that there is a genuine dispute as to the material facts underlying Acer America's claim for an accounting.

IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Breakout's motion for summary judgment is DENIED.

Dated: December 18, 2014

BETH LABSON FREEMAN
United States District Judge