UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PRIME MEDIA GROUP, LLC,<br>　　　　Plaintiff,<br><br>　　v.<br><br>ACER AMERICA CORPORATION,<br>　　　　Defendant. | Case No. 12-cv-05020-BLF<br><br>**ORDER SCHEDULING FOLLOW-UP PRETRIAL CONFERENCE**<br><br>[Re: ECF 146, 151, 166-168] |

On January 15, 2015, the court held a pretrial conference to discuss with the parties their motions *in limine* and the parties' proposed jury instructions and verdict forms. As indicated on the record, several issues remain to be addressed. Additionally, the court requires clarification from both parties regarding the basis for Acer America's Motion *in Limine* #1, requesting an adverse inference. Accordingly, the parties are instructed to appear at 9:00 am on Friday, January 23, 2015, prepared to discuss the following topics:

　　1.　　The parties' proposed jury instructions and verdict forms. This conference will be informal and off the record.

　　2.　　Acer America's Motion *in Limine* #1, requesting an adverse inference. The parties should be prepared to address, on the record,[1] the significance of the absence of any stipulation regarding what questions would have been asked at Ms. Soldadino's deposition. *See, e.g.*, *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265-66 (9th Cir. 2000) (holding that no adverse inference may be drawn regarding a question that was never asked because "the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question"); *id*. at 1270 n. 2 ("A hypothetical can best illustrate this concept:

---

[1] No additional briefing will be allowed. For this discussion on the record, additional counsel for any party may appear telephonically without seeking further leave of court; arrangements for telephonic appearance should be made through CourtCall.

Within a civil suit, a defendant is asked the question 'did you ever pick up the gun?' The defendant refuses to answer asserting his Fifth Amendment privilege. The plaintiff then introduces into evidence the fact that defendant's fingerprints were found on the gun. The jury then may be instructed that from defendant's silence, it can infer that defendant picked up the gun. However, it cannot be instructed that it can infer from defendant's refusal to answer that particular question, that the defendant fired the gun, or that he disposed of the gun at the crime scene. That would be constructing an inference on another inference. These other inferences could only come into play if the specific questions pertaining to such inferences are asked, are met with a Fifth Amendment privilege response, and are corroborated by other evidence to the specific fact being questioned.").

Dated: 1/20/2015

_____
BETH LABSON FREEMAN
United States District Judge