UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PRIME MEDIA GROUP, LLC,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ACER AMERICA CORPORATION,<br>　　　　　Defendant. | Case No. 12-cv-05020-BLF<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>[Re: ECF 171] |

With this motion, Counter-Defendants Prime Media *et al.* add to a growing list of attempts by both parties to revive discovery disputes long since abandoned. For the reasons below, the motion is **DENIED**.[1]

I.  **BACKGROUND**

During discovery, Counter-Defendants—seeking to take the deposition of B.J. Lin, a Taiwanese citizen and general counsel[2] for Acer Inc., Acer America's parent corporation—asked this court to issue a letter of request for international judicial assistance (Letter of Request) to the appropriate judicial authority of Taiwan. Joint Discovery Report #2, ECF 66. The request was appropriately submitted to Judge Lloyd, to whom all discovery disputes were referred. *Id.* Counter-Defendants later withdrew their motion for a Letter of Request, apparently due to the impending fact discovery cut-off. Withdrawal of Joint Discovery Report #2, ECF 82.

Counter-Defendants now wish to reopen discovery and compel Lin to appear for deposition. Emergency Motion at 2-3, ECF 171. The basis for this motion is Counter-Defendants' recent

---

[1] Counter-Defendants filed a motion for leave to file a reply brief in support of the present motion. ECF 182. The motion is GRANTED and the court has considered the arguments in Counter-Defendants' reply brief.
[2] It appears that Lin is actually deputy general counsel for Acer Inc., ADR Attendance Form, ECF 181-4, and therefore reports to a higher authority even within his own department at Acer Inc.

receipt of an Italian criminal complaint instituted by Acer Inc., which was previously confidential and unavailable to Counter-Defendants.

## II. DISCUSSION

### A. Counter-Defendants have not shown good cause to modify the case schedule.

To modify the case schedule and reopen discovery, Counter-Defendants must show good cause. Fed. R. Civ. P. 16(b)(4). Unlike the consideration given to a request to extend the discovery cut-off submitted before the close of fact discovery, a motion to reopen discovery on the eve of trial requires a significant showing of good cause. Moreover, the court will consider Counter-Defendants' showing of good cause in light of their former decision to abandon any attempt to depose Lin.

Counter-Defendants point to the recent release of the Italian criminal complaint to justify their change in position regarding the importance of Lin's testimony, but they acknowledged that they were aware of Lin's involvement in submitting the complaint as early as June 5, 2013. *See* Joint Discovery Dispute Letter #1 at 6, ECF 53. They also acknowledged that they were aware of a "significant overlap in issues between Acer Inc.'s criminal complaint and Acer America's counterclaim in this action" as early as October 14, 2013. Motion to Extend Discovery Deadlines at 1, ECF 69. The court is not in a position to speculate as to why Counter-Defendants decided to withdraw their motion for a Letter of Request, but the strategy was formulated with full knowledge of Lin's connection with the Italian criminal complaint. *See* Withdrawal of Discovery Dispute Joint Report #2 (dated January 21, 2014), ECF 82. Even accepting Counter-Defendants' characterization of the contents of the Italian criminal complaint, it at best confirms what Counter-Defendants already believed to be true when they withdrew their motion for a Letter of Request. It does not justify their current attempt to change course and demand that Lin appear for deposition after abandoning their earlier attempt to depose him.

### B. This court does not have the authority to compel Lin's appearance at deposition.

Although Counter-Defendants do not explicitly state the basis for the proposition that this court may compel the deposition of Lin, they allude to two potential bases. The first is that Lin is a

2

"managing agent"[3] of Acer America and is therefore subject to this court's authority to compel his attendance at a deposition. Counter-Defendants have not made an adequate showing that Lin is a "managing agent" of Acer America. Counter-Defendants' only attempt at making a showing that Lin is a managing agent of Acer America is Lin's attendance at a mediation between Acer America and Counter-Defendants. However, as Acer America explains in its opposition, Lin attended as in-house counsel for Acer Inc. so that the parties could address potential global settlements between Counter-Defendants and all Acer entities worldwide in addition to discussing settlement of the instant litigation. Opposition at 4, ECF 174. The fact that Lin may have been delegated settlement power on behalf of Acer America for purposes of this mediation does not transform Lin into a managing agent for Acer America. *Carlson*, the case cited by Counter-Defendants in support of this argument, does not hold otherwise. *Carlson Wagonlit Travel, Inc. v. Invensys PLC*, No. CIV. 01-2337(JRTFLN), 2003 WL 21010961 (D. Minn. Mar. 8, 2003). Rather, the court in *Carlson* considered the individual's participation in mediation among many factors that ultimately established her as a managing agent. *Id.* at *2. Furthermore, Lin does not appear to be an employee of Acer America and Counter-Defendants have presented no authority for the proposition that a non-employee of a corporation can be considered a managing agent.

The second purported basis to compel the deposition testimony of Lin is by issuance of a subpoena under Fed. R. Civ. P. 45. However, as a Taiwanese citizen not present in the United States, Lin is beyond the subpoena power of this court. Fed. R. Civ. P. 45(b)(2)-(3); 28 U.S.C. § 1783 (allowing for the extraterritorial service of subpoena on United States nationals and residents only). Accordingly, Counter-Defendants have failed to establish that this court has the authority to compel Lin's appearance at a deposition.

---

[3] The court notes in passing that, although Counter-Defendants cite multiple Federal Rules of Civil Procedure in their motion, not one of the rules cited contains the phrase "managing agent." As a result, the court was left to its own devices in determining the relevance, if any, of whether Lin is a "managing agent" for Acer America.

3

### C. LIN'S ALLEGED POSSESSION OF POTENTIALLY RELEVANT DOCUMENTS HAS BEEN RENDERED MOOT BY SUBSEQUENT EVENTS.

Counter-Defendants argue in their emergency motion that Lin has a USB stick with potentially relevant documents on it. Emergency Motion at 5. They now have an electronic copy of the USB stick, obtained independently, rendering the point moot. Motion to Continue Trial Date at 5, ECF 177.

## III. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that: Counter-Defendants' motion is **DENIED**.

Dated: January 21, 2015

_____
BETH LABSON FREEMAN
United States District Judge