UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRIME MEDIA GROUP, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ACER AMERICA CORPORATION,<br><br>    Defendant. | Case No.  12-cv-05020-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED**<br><br>[Re: ECF 207] |

In this action, the Court-ordered deadline to complete fact discovery was scheduled for March 31, 2014. *See* ECF 80 at 2. On March 11, 2015, nearly a full year later, Plaintiff propounded Requests for Admission upon Defendant Acer America. *See* ECF 208-1 Exh. A. When Defendant failed to respond to the RFAs within thirty days, Plaintiff moved to deem these facts admitted. Plaintiff contends that RFAs are not discovery devices, but rather serve as a mechanism to narrow the range of issues for trial, and therefore that the Court-ordered fact discovery deadline is irrelevant for purposes of Defendant's obligation to respond to the RFAs. *See* Mot. at 2-3. The Court disagrees, and DENIES the motion.[1]

Federal Rule of Civil Procedure 36(a) permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)." Rule 36 is contained within Title V of the Federal Rules – the "Disclosures and Discovery" section.

In this district, several courts have considered the question posed by Plaintiff – whether RFAs are exempt from the fact discovery cut-off because RFAs are not discovery devices – and in

---

[1] The Court deems this motion suitable for adjudication without oral argument, pursuant to Civil Local Rule 7-1(b).

each case the court has rejected this argument. For example, in *Wendell v. Johnson & Johnson*, the court held that "[w]hile RFAs are distinguishable from *other* discovery devices, they are still a discovery device." 2013 WL 1741704 at *5 (N.D. Cal. Apr. 22, 2013) (citing Moore's Federal Practice—Civil § 36.02 (2013)); *see also Commonwealth Annuity and Life Ins. Co. v. Dalessio*, 2009 WL 2169868, at *2 (N.D. Cal. July 20, 2009) (refusing to deem admitted RFAs that were propounded with insufficient time for Plaintiff to respond before the court's fact discovery cut-off because "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.").[2]

The *Wendell* and *Dalessio* decisions are consistent with the manner in which this district treats RFAs in its Civil Local Rules: as one example, Local Rule 26-1 includes RFAs within the documents to be kept by the "Custodian of Discovery Documents." Additionally, this Court's Standing Order includes responses to RFAs within the category of "Discovery Responses" for purposes of the parties' Joint Pretrial Statement. *See* Standing Order Re Final Pretrial Conference – Jury Trial at 4-5.

Plaintiff points to several out-of-district cases which it contends support its position. First, it cites to three California district court cases, *K.C.R. v. County of L.A.* and *Safeco Insurance v. Rawstron*, from the Central District, and *Cooper v. Sely*, from the Eastern District. Though each of these three courts expressed the opinion that RFAs were not a "discovery device for gathering evidence," *see, e.g.*, *Cooper v. Sely*, 2013 WL 1682243, at *3 (E.D. Cal. Apr. 17, 2013), none answered the question whether responses to RFAs were subject to Court-mandated discovery deadlines. Plaintiff then cites to two district courts within the Sixth Circuit in which judges have deemed admitted RFAs propounded after the close of fact discovery after holding that RFAs are not discovery devices. *See O'Neill v. Medad*, 166 F.R.D. 19, 21-22 (E.D. Mich. 1996) ("The Sixth Circuit has found that 'requests for admissions are not a general discovery device.'"); *see also*

---

[2] The one Northern District case on which Plaintiff relies, *Google Inc. v. American Blind & Wallpaper Co.*, does not support its position. In that case, the court considered the purpose of Rule 36(a) RFAs, and stated in a footnote that "[t]he rule is not intended as a discovery device," but its holding was limited to the narrow question of interpreting the presiding judge's order partially reopening discovery. *See* 2006 WL 2578277, at *3 n.2 (N.D. Cal. Sept. 6, 2006).

*Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 615 (W.D. Tenn. 1989) (citing *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986)). A 2001 decision from the District of the District of Columbia places *O'Neill and Hurt* in context, however, noting that there is a "split of authority as to whether requests for admission should be subject to discovery cutoff dates," and finding that *O'Neill* and *Hurt* are the minority view: "A substantial number of other courts, however, have treated requests for admissions as being subject to discovery cutoff dates." *Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001) (compiling cases). This Court now joins those courts that have adopted the majority view that RFAs are discovery devices subject to the Court's fact discovery deadlines. To hold otherwise would create confusion as to how to interpret this district's Civil Local Rules, and serve no useful purpose other than to inject uncertainty and surprise into civil litigation and encourage a last-minute war of one-upmanship on the eve of trial. The Federal Rules, and this district's Civil Local Rules, are expressly designed to discourage such behavior.

Because Plaintiff's Requests for Admission were untimely served nearly a year after the close of fact discovery, and because RFAs are subject to Court-mandated discovery deadlines, the Court DENIES Plaintiff's motion to deem these facts admitted.

**IT IS SO ORDERED.**

Dated: May 19, 2015

_____
BETH LABSON FREEMAN
United States District Judge