UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PRIME MEDIA GROUP, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>ACER AMERICA CORPORATION,<br><br>  Defendant. | Case No.  12-cv-05020-BLF<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO JOIN ACER, INC. AS A PARTY TO THIS ACTION, AND**<br>**(2) DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL**<br><br>[Re: ECF 222] |

On May 21, 2015, Plaintiff moved this Court, pursuant to Federal Rules of Civil Procedure 15, 19, and 20, to join Acer Inc. as a Defendant in the above-captioned action, presently scheduled to begin trial on June 1, 2015. Since trial in this action is rapidly approaching, and further because Defendant's opposition to this motion would not be due until after the first day of trial is scheduled to begin, the parties appeared before the Court on May 22, 2015 to discuss Plaintiff's motion. For the reasons stated on the record during the parties' appearance, and further discussed below, the Court DENIES the motion.

Plaintiff contends that "Acer Inc. must be joined as a party to this case in order for Prime Media's claims to be properly and fully resolved at the upcoming trial." Mot. at 1. Plaintiff is currently proceeding in two related actions against Acer entities: the above-captioned case, and a second case, also before the undersigned, against Acer Inc. and Acer Europe S.A, *see* Case No. 5:15-cv-1162-BLF. Plaintiff contends that Acer America's counsel in this action, "[i]n contrast to the allegations in its Counterclaim, other pleadings, and even the parties' stipulations for trial," now claims that Acer America is not a party to a contract, the Pleasing Agreement, which gives rise to certain claims by Plaintiff. *See id.* Plaintiff argues that this new assertion demands that Acer

1  Inc. be joined as a Defendant in this action.

2      Federal Rules of Civil Procedure 15, 19, and 20 govern the amendment of pleadings and
3  the joinder of parties. Rule 15 permits a party to amend its pleadings, including to add parties,
4  with leave of court "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Rule 19 requires the
5  joinder of a defendant when the Court is unable to afford complete relief among existing parties to
6  the action. *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 916-17
7  (9th Cir. 1977) (stating that Rule 19 is designed to protect parties from "inconsistent judicial
8  determinations or the impairment of interests or rights"). Rule 20, in contrast to the mandatory
9  joinder provision of Rule 19, regulates permissive joinder. Under Rule 20, a Court may join a
10 defendant to an action when "(1) a right to relief must be asserted by, or against, each plaintiff or
11 defendant relating to or arising out of the same transaction or occurrence; and (2) some question of
12 law or fact common to all the parties will arise in the action." *Id.* at 917. In the alternative,
13 Plaintiff moves the Court to consolidate the two related actions for trial pursuant to Rule 42, which
14 permits a Court, when multiple actions before it involve a common question of fact, to "join for
15 hearing or trial any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1).

16     Ultimately, Plaintiff's arguments are unavailing. As to Rule 15, justice does not require
17 permitting Plaintiff to amend its complaint this late in the action – with trial now less than one
18 week away – to add Acer Inc. as a Defendant. In the related case, Case No. 5:15-cv-1162-BLF,
19 Acer Inc.'s counsel sent a letter to Prime Media's counsel stating that "Acer Inc. was the only
20 Acer entity party to the contract ultimately assigned to Prime Media." Mot. Exh. A at 2. Prime
21 Media now argues that Acer Inc. should be joined as a party to this case based on this new
22 assertion. The Court disagrees. It seems clear that a review of the Pleasing Agreement, showing
23 "Acer Inc." as the contracting party, should have put Prime Media on notice years ago that further
24 discovery was necessary to determine the contractual rights of the parties. It is simply too late in
25 the game to notice such a glaring inconsistency and to rely on Acer Inc.'s assertion in the related
26 case to base this request to add Acer Inc. as a party to this case. Though Acer Inc.'s statement may
27 doom claims by both parties for breach of written contract, it is not, as Plaintiff claims,
28 irreconcilable with the positions Acer America has otherwise taken in this action such that justice

requires the Court to permit Prime Media to amend its Complaint. Justice and fairness, in fact, compel the opposite conclusion: demanding that Acer Inc. appear as a party in this action with mere days to go before trial would be manifestly unfair to Acer Inc. *Cf., e.g.*, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466-67 (2000).

Plaintiff's Rule 19 and Rule 20 arguments fare no better. Nothing prevents the Court here from affording full relief among the parties in this action, a necessary condition for mandatory joinder under Rule 19. Plaintiff and Defendant dispute whether Plaintiff can prove a breach of written contract claim against the Defendant and, conversely, whether Defendant can prove a counterclaim regarding the same. Defendant's argument that Acer America was not a party to the Pleasing Agreement is a defense to Plaintiff's action. Rule 19 does not contemplate courts joining parties late in the litigation merely because a Defendant raises a possibly exculpatory defense. Instead, courts engaging in a Rule 19 analysis concern themselves with several factors, including "plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee [party], and fairness to the other party." *Bakia v. Los Angeles Cnty.*, 687 F.2d 299, 301 (9th Cir. 1982) ("It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable."). Plaintiff chose to sue only Acer America in this action and elected to bring a separate suit against two other Acer entities in a related action. Though a denial of Plaintiff's motion could result in two trials, each of the other factors under a Rule 19 analysis, particularly fairness to Acer Inc. as the absent party and the fact that Acer Inc. is neither necessary nor indispensable for resolution of this action, requires that the Court deny Plaintiff's motion.

Rule 20 permits joinder of parties when two circumstances are met: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *Tahoe Reg'l* at 917. Once those circumstances are satisfied, as they are here, the Court "must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). As the Court has noted

3

above, it would be fundamentally unfair to Acer Inc. to be joined as a Defendant in this action fewer than ten days before trial. *Cf. Tahoe Reg'l* at 917-18 (noting that while Rule 20 is to be construed liberally, the purpose of such liberal construction is "to promote trial convenience").

The Court therefore DENIES Plaintiff's motion to amend the complaint under Rule 15 or join parties under Rules 19 and 20.

In the alternative, Plaintiff asks the Court to consolidate its two cases against Acer entities for trial pursuant to Rule 42. A district court has "broad discretion under this rule to consolidate cases pending" before it, *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989), and when determining whether to consolidate cases for trial, the Court "should consider (1) the risk of delaying trial, (2) the risk of prejudice and confusion, and (3) the potential burden on the parties, witnesses, and available judicial resources." *Dusky v. Bellasaire Investments*, 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4, 2007). Here, all three factors weigh against consolidation. Most notably, the pleadings in the Acer Inc. action have not yet been set, and there is a motion to dismiss set to be heard on August 6, 2015; due to the fairness concerns surrounding Acer Inc., consolidation would certainly delay this trial, which has already been continued once before on the motion of the parties, for a substantial amount of time. Because consolidation would further burden the parties and the Court, and would harm the speedy resolution of this case, the motion to consolidate the Acer actions for trial is also DENIED.

**IT IS SO ORDERED.**

Dated: May 26, 2015

_____
BETH LABSON FREEMAN
United States District Judge

4